IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

ARTURO GONZALEZ-RENTERIA,

Defendant.

CRIMINAL ACTION FILE

No. 1:17-CR-292-03-ELR-AJB

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Arturo Gonzalez-Renteria's ("Defendant" or "Gonzalez") Motion to Dismiss for Violation of Defendant's Statutory Right to Speedy Trial ("Motion to Dismiss"). [Doc. 343]. For the reasons stated below, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED** but that the indictment against him be **DISMISSED WITHOUT PREJUDICE**.

I.   **BACKGROUND**

Gonzalez and his codefendants Marcos Damian, Edgar Guerrero Cruz, Jose Calvillo, Manuel Hernandez Herrera, and Juan Vallejo-Pedraza were charged in a superseding indictment returned on September 26, 2017 with conspiracy to possess with intent to distribute a controlled substance (Count One (Damian, Cruz,

Gonzalez, Calvillo, Herrera, and Vallejo-Pedraza)), aiding and abetting possession with the intent to distribute a controlled substance; namely, at least a 100 kilograms of a mixture and substance containing a detectable amount of marijuana (Count Two (Cruz, Calvillo, Vallejo-Pedraza)), aiding and abetting possession with the intent to distribute a controlled substance; namely, at least a 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana (Count Three (Damian, Cruz, Calvillo, Vallejo-Pedraza), aiding and abetting possession with the intent to distribute a controlled substance; namely, at least a 1 kilogram of a mixture and substance containing a detectable amount of heroin (Count Four (Damian)), aiding and abetting possession with the intent to distribute a controlled substance; namely, at least a 5 kilograms of a mixture and substance containing a detectable amount of cocaine (Count Five (Cruz, Herrera, Vallejo-Pedraza), conspiracy to import a controlled substance into the United States; namely at least 1,000 kilograms of a mixture and a substance containing a detectable amount of marijuana (Count Six (Vallejo-Pedraza)), beginning in or about April 2015, conspiracy to engage in money laundering (Count Seven (Cruz, Vallejo-Pedraza), and beginning in or about January 2017, conspired to engage in money laundering

(Count Eight, Damian, Gonzalez, Herrera)). [Doc. 34-1 at 2-10].[1]

## II.   ARGUMENT OF THE PARTIES

Gonzalez sets out the following facts underlying his motion to dismiss: He was indicted and arrested on or about August 23, 2017. [Doc. 343 at 1 (citing [Doc. 1])]. He filed Motions to Suppress on March 6, 2018, [*id.* (citing [Docs. 121-22])], the Government responded on April 12, 2018, [*id.* (citing [Docs. 135-36])], and he replied on May 21, 2018, [*id.* (citing [Doc. 149)]. He notes that an evidentiary hearing was held on September 25, 2020, [*id.* (citing [Doc. 325])], the Government filed their post-argument brief on October 27, 2020, [*id.* (citing [Doc. 327])], and the defense filed reply briefs on November 13 and 20, 2020, [*id.* (citing [Docs. 330, 332])]. He notes that the transcript was filed on December 18, 2020, [*id.* at 2 (citing [Doc. 335])], and asserts that all the necessary documents and pleadings have been available since that date.

Gonzalez argues that the Court has had this case since the final pleadings were filed on the Motions to Suppress on November 20, 2020, over 375 days ago, or at the time the transcript was filed on December 18, 2020, over 350 days ago, or upon the expiration of the last Court Order suspending operations on May 2, 2021,

---

[1]   There also is a forfeiture provision. [Doc. 34-1 at 10-13].

over 200 days ago. [*Id.*]. He therefore argues that the Speedy Trial Act has been violated and the case must be dismissed. [*Id.* at 2-3]. Gonzalez argues, considering the relevant factors, dismissal with prejudice is warranted. [*Id.* at 3-4].

First, he contends that, while the Government has alleged serious offenses, dismissal with prejudice is appropriate when the evidence against him is considered. [*Id.* at 4]. He argues that the Government's only evidence is recorded conversations about a possible cocaine transaction and one recorded conversation involving an alleged heroin transaction, that the Government never found him in possession of any drugs or money, and that heroin has never been located or seized in the conspiracy. [*Id.* at 5]. Gonzalez contends that the fact that the Government's evidence is weak supports the indictment being dismissed with prejudice. [*Id.*].

Second, he contends that there was no justification for the length of time that has passed, which factors a dismissal with prejudice. [*Id.* at 6]. He asserts that the Government has no affirmative justification for allowing the Speedy Trial Act to run in this case. [*Id.*]. Finally, Gonzalez argues that the third factor—the impact of a re-prosecution the administration of justice—does not weigh heavily in either direction, as the interests of administration of justice and of speedy prosecution tend to cancel each other out. [*Id.* at 7]. He does note that he has been incarcerated for over four years. [*Id.*].

4

The Government responds and admits that a Speedy Trial Act violation has occurred, but argues that the length of the violation is much less than Gonzalez asserts and includes no time before May 3, 2021. [Doc. 351 at 1]. The Government therefore admits that the indictment should be dismissed but argues that that, considering all the relevant factors, dismissal without prejudice is appropriate. [*Id.*].

The Government contends that zero days of non-excludable time passed on the speedy trial clock before Gonzalez filed his motions to suppress. [*Id.* at 2]. The Government argues that the time period under the Speedy Trial Act does not begin until the last codefendant's arraignment and Calvillo was not arraigned in this Court until October 11, 2017. [*Id.*]. The Government notes that it filed an unopposed motion to exclude time pursuant to 18 U.S.C. § 3161, which the Court granted, and so no days of non-excludable time passed between Calvillo's arraignment on October 11, 2017 and January 3, 2018. [*Id.* at 3 (citing Docs. 60, 83)]. It notes that Defendants filed a joint motion to continue the pretrial conference, which the Court granted, and then at the pretrial conference the Court granted the Government's motion for a mental competency hearing and for additional time to file suppression motions until March 8, 2018. [*Id.* (citing Docs. 104, 108, 110)]. The Government notes that the Court issued a report and recommendation as to Cruz's competency on March 6, 2018, and during the time for objections to that report, Gonzalez filed

5

two motions to suppress evidence. [*Id.* at 4 (citing Docs. 119-22]. The Government notes that it replied to Gonzalez's motions to suppress on April 12, 2018, he filed his reply on May 21, 2018, and the Court scheduled an evidentiary hearing on August 21, 2020 that was later moved to September 20, 2020. [*Id.* at 5-6 (citing Doc. 125, 149, 290, 307)]. The government argues that all this time is excludable under the Speed Trial Act. [*Id.* at 4-5]. The Government notes that, following the evidentiary hearing, the parties submitted post-hearing briefs and the transcript was filed on December 18, 2020. [*Id.* at 6 (citing Docs. 319, 325, 327, 330, 332, 335)]. The Government argues that zero days of non-excludable time therefore elapsed until December 18, 2020. [*Id.* at 6-8].

Finally, the Government argues that General Orders on this Court related to the COVID-19 pandemic excluded time under the Speedy Trial Act through May 2, 2021. [*Id.* at 8 (citing Docs. 266, 269, 278, 287, 297, 299, 304, 315, 320, 333, 337, 338)]. Since May 2, 2021, the Government contends that 208 days of non-excludable time have elapsed. [*Id.* at 9 (citing Docs. 341, 343)].

The Government therefore admits that a Speedy Trial Act violation has occurred, but argues that dismissal should be without prejudice. [*Id.*]. It contends that the seriousness of the offense heavily favors dismissal without prejudice and that the strength of the evidence is not a relevant consideration under the first factor.

6

[*Id.* at 10-11]. Regardless, the Government argues that actual evidence produced in its wiretap investigation, contrary to Gonzalez's arguments, is substantial and weighs in favor of a dismissal without prejudice. [*Id.* at 11-13].

Next, the Government argues that the sole cause of the delay in this matter is the result of the time it has taken the Court to address the litany of complex legal challenges in Gonzalez's pending motions. [*Id.* at 14]. Because the delay is not attributable to either party, the Government argues that dismissal without prejudice is appropriate. [*Id.* at 14-15]. Finally, the Government argues that the third factor favors dismissal without prejudice because the public has an interest in seeing participants in largescale drug and money laundering conspiracies held accountable. [*Id.* at 15-16]. It contends that, contrary to Gonzalez's argument, the third factor is not always neutral and there was no evidence here of any prejudice cause by a delayed trial date. [*Id.* at 16].

Gonzalez did not file a reply brief. [*See* Dkt.].

### III. **DISCUSSION**

Under the Speedy Trial Act:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last

7

occurs.

18 U.S.C. § 3161(c)(1).

When a court determines that a violation of the Speedy Trial Act has occurred, dismissal may be with or without prejudice. *See* 18 U.S.C. § 3162(a)(1). "[N]either remedy is preferred; the proper dismissal sanction to be imposed in each case is a matter left to the exercise of the sound discretion of the trial judge after consideration of the factors enumerated in the statute." *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984). The Speedy Trial Act sets forth three factors for a court to consider in deciding whether a dismissal should be with or without prejudice: (1) the seriousness of the offense; (2) the facts and circumstances leading to the dismissal; and (3) the impact of a re-prosecution on the administration of the Speedy Trial Act and the administration of justice. *See* 18 U.S.C. § 3162(a)(2). The defendant has the burden of proof in supporting a motion to dismiss but the Government has the burden of coming forward with evidence in connection with any exclusion of time. *Id.* § 3162(a)(1).

The parties agree that there has been a violation of the Speedy Trial Act in this case. [Doc. 343 at 3; Doc. 351 at 1]. Regardless, "in ruling on a defendant's motion to dismiss, the court must tally the unexcluded days." *Zedner v. United*

8

*States*, 547 U.S. 489, 507 (2006).  Here, Gonzalez identifies several possible dates[2] but asserts at the latest, the Speedy Trial clock began running following the expiration of the last Court Order suspending operations due to the COVID-19 pandemic on May 2, 2021, which he argues was over 200 days prior to his filing his Motion to Dismiss.  [Doc. 343 at 2 (citing Doc. 338)].  As outlined above, the Government agrees that the Speedy Trial Clock began running after May 2, 2021.  [Doc. 351 at 9].  The Court therefore proceeds from that date and calculates that there were 219 days between May 2, 2021 and December 7, 2021 when Gonzalez filed his Motion to Dismiss.[3]

The Government argues, however, that additional exclusions apply.  [*See* Doc. 351 at 9].  Specifically, it points to a leave of absence filed by counsel representing the Government between June 28, 2021 and July 9, 2021.  [*Id.* (citing

---

[2]     The Court notes that the other dates identified by Gonzalez include when the final pleadings on the Motions to Suppress were filed on November 20, 2020, [Doc. 332], and when the transcript for the evidentiary hearing was filed on December 18, 2020, [Doc. 335].  However, both of these dates occurred subsequent to the General Orders of this Court related to the COVID-19 pandemic, which excluded time under the Speedy Trial Act between March 20, 2020 and May 2, 2021.  [*See* Docs. 266, 269, 278, 287, 297, 299, 304, 315, 320, 333, 337, 338)].

[3]     The filing of the Motion to Dismiss for Violation of Defendant' Statutory Right to Speedy Trial itself stopped the Speedy Trial clock.  *See* 18 U.S.C. § 3161(h)(1)(D) (stating that delays resulting from pretrial motions, from the filing of the motion through the conclusion of the hearing, shall be excluded).

Doc. 341)]. Notably, in that Order, the Court found that the ends of justice would be served by having continuity of counsel for the Government and the Clerk was "directed to exclude the time of leave of absence pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv)." [Doc. 341 at 2 (emphasis omitted)]. Pursuant to Section 3161(h)(7)(A), any period of delay that results from a continuance granted by the judge at the request of an attorney for the Government will be excluded, so long as the granting judge grants the continuance on the basis that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B)(iv) identifies factors to be considered in granting a continuance as whether such denying such a motion would deny counsel for the Government reasonable time necessary to make effective preparations, taking into account the exercise of due diligence. *Id.* § 3161(h)(7)(B)(iv). The Court agrees that this additional period of 11 days should be excluded.

As a result, the Court finds that a total of 208 days of non-excludable time have passed. Because more than 70 days of non-excludable time have passed, the indictment must be dismissed pursuant to the Speedy Trial Act. 18 U.S.C. § 3162(a)(2). The only question remaining before the Court is whether the matter should be dismissed with or without prejudice. *See* 18 U.S.C. § 3162(a)(1); *Russo*,

741 F.2d at 1267. Weighing the statutory factors and the parties' arguments, the Court finds that dismissal without prejudice is appropriate.

First, the Court considers the seriousness of the offense. 18 U.S.C. § 3162(a)(1). Here, Gonzalez has been charged with a conspiracy to possess with intent to distribute a controlled substance and a conspiracy to engage in money laundering beginning around January 2017. [Doc. 34-1 at 2-4, 9-10]. The Government argues that Gonzalez faces a mandatory minimum of 10 years and a maximum of life imprisonment for the drug charges and a maximum sentence of 20 years for the money laundering charges. [Doc. 351 at 10]. These are undoubtedly serious offenses.

Gonzalez, for his part, does not deny that the charges are serious, but argues that the evidence that supports them is weak. [Doc. 343 at 4-5]. As support, he points to *United States v. Rubin*, in which the Eleventh Circuit approved of a district court's finding that the underlying charges offenses were serious because the evidence showed that the defendant played an active and major role in the crimes. 733 F.2d 837, 840 (11th Cir. 1984). The Court notes that it is unstated in *Rubin*, however, whether the seriousness of the offense needed to be supported by evidence or whether other factors alone could establish seriousness.

11

Other cases in this Circuit have reached the latter conclusion. For example, in *United States v. Silas*, a defendant argued that his offense was not serious because there was no evidence that the firearm at issue was used in a crime and because he did not have a history of violence. No. 7:20-CR-2 (HL), 2020 WL 5995592, at *3 (M.D. Ga. Oct. 9, 2020). In reaching a contrary conclusion, the district court found that a statutory mandatory minimum of 15 years imprisonment for the crime charged adequately reflected the seriousness of the defendant's offense. *Id.* (citing *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009) (finding that the district court correctly determined that a statutory minimum sentence of 10 years of imprisonment reflected the serious of the offense)).

Similarly, courts in this district have rejected an argument that the theft of heavy equipment, such as earthmovers, was not a serious offense because there was no evidence that they were not used for anything other than typical construction. *United States v. Hajavi*, No. 119CR0443TWTAJB01, 2021 WL 640034, at *6 (N.D. Ga. Jan. 27, 2021), *report and recommendation adopted*, No. 1:19-CR-443-TWT, 2021 WL 633401 (N.D. Ga. Feb. 17, 2021). In reaching this conclusion, the court noted that "the significant penalty authorized by Congress upon conviction . . . is a reflection of the seriousness with which the conduct at issue is viewed." *Id.* In the

12

present case, if convicted, Gonzalez faces a mandatory minimum of 10 years imprisonment and a maximum of life. This Court agrees that this is a significant penalty that reflects the seriousness of the offense. *Id.* Accordingly, the Court finds that the first factor weights in favor of dismissal without prejudice.[4]

Next, the Court considers the facts and circumstances leading to dismissal. *See* 18 U.S.C. § 3162(a)(1). Having found that the offense was serious, the Court notes that the case should only be dismissed for a correspondingly severe delay. *Russo*, 741 F.2d at 1267; *United States v. Cray*, 450 Fed. Appx. 923, 928 (11th Cir. Jan. 12, 2012). Still, there must be some affirmative justification warranting a dismissal without prejudice when the Speedy Trial Act has been violated. *United States v. Godoy*, 821 F.2d 1498, 1505 (11th Cir. 1987). Here, the Government points to the amount of time it has taken the Court to address the litany of complex legal challenges in Gonzalez's pending motions to suppress. [Doc. 351

---

[4] In the alternative, the Court finds that the evidence available to the Court at this juncture supports a finding of seriousness. For example, although Gonzalez asserts that "heroin has never been located or seized in this conspiracy," [Doc. 343 at 5], the Government notes that agents seized a sizable amount of heroin laced with fentanyl—14 kilograms—on February 26, 2017, as well as an additional 750 grams of fentanyl. [Doc. 351 at 11-12; *see also* Doc. 34 at 6 (superseding indictment)]. The Government has also provided evidence that 24 kilograms of cocaine and over $750,000 was seized following a wiretap on a phone used by Gonzalez. [*See, e.g.*, Doc. 344 at 45-46].

at 14]. The Government notes that the two motions totaled over 70 pages and raised more than 20 issues. [*Id.* (citing Docs. 121-22)]. It further notes that an evidentiary hearing was held, the parties submitted extensive briefing, and this Court subsequently issued a 66-page report and recommendation. [*Id.* (citing [Docs. 125, 135-36, 149, 327, 330, 332, 344)]].

The Court agrees that the issues raised in the motions to suppress were complex and were thoroughly briefed by the parties. Importantly, the Court also notes that none of the delay at issue is attributable to acts of the Government, and Gonzalez does not argue to the contrary. [*See generally* Doc. 343]. In fact, a significant part of the delay is the responsibility of the Court. The Court finds *United States v. Carruthers* instructive in this regard. 458 Fed. Appx. 811, 817 (11th Cir. Feb. 14, 2012). In that case, more than 312 non-excludable days passed, much of which was the responsibility of the court because the time in question occurred between the date the case was certified for trial and the date of the dismissal. *Id.* at 814. In finding that the district court did not abuse its discretion in dismissing the case without prejudice, the Eleventh Circuit noted, with regard to the second factor, that both parties were responsible for parts of the delay and the

14

Court was a fault for a large part of it. *Id.* at 817.[5]  Similarly here, although the responsibility does not lie with the parties, the Court does bear some responsibility. With *Carruthers* in mind, the Court therefore finds that the second factor does not favor either outcome. *See* 18 U.S.C. § 3162(a)(1).

As for the final factor, the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice, the Court finds it favors dismissal without prejudice. *See* 18 U.S.C. § 3162(a)(1).  This factor highlights the flexible, balancing approach required under § 3162(a)(1) and, although sometimes the factors it incorporates balance each other out, it is not always neutral. *Godoy*, 821 F.2d at 1506.  On the one hand, with regard to the administration of the Act, there has undoubtedly been delay in this case.  However, as outlined in the discussion of *Carruthers* above, that factor alone does not justify a dismissal with prejudice.  *Compare United States v. Stayton*, 791 F.2d 17, 21 (2d Cir. 1986)

---

[5]  The Court does note, as a relevant factor, that after filing his motions to suppress and prior to filing the present Motion to Dismiss, Gonzalez took no action complaining of any delay or asserting his right to a speedy trial. [*See* Dkt]; *see, e.g.*, *United States v. McHugh*, 967 F. Supp. 1279, 1286 (N.D. Ga. 1997) ("[T]he court notes that, after filing the complex motion, Defendant did nothing to press his right for a speedy trial"); *see also United States v. Johnson*, 29 F.3d 940, 946 (5th Cir. 1994) (noting that while defendant did not cause the delay, he did not take any action pressing his right to a speedy trial, and filed nothing with the court in the 167 days in question prior to seeking dismissal of his indictment).

(stating that a 23-month delay was the dominant factor in dismissing without prejudice, where there were also limited motion practice and "persistent prodding" by the Government). On the other hand, with regard to the administration of justice, the Court has already found that the crime was serious, which favors reprosecution. *Godoy*, 821 F.2d at 1506 (stating that, if "a crime is quite serious, barring reprosecution will have a severe impact on the administration of justice").

The third factor also permits each side to submit additional relevant consideration not covered by the previous two factors. *Id.* Gonzalez, for his part, argues that this factor balances out and does not weigh heavily for either side. [Doc. 343 at 7]. The Government argues that additional factors should be considered, such as whether Plaintiff suffered actual prejudice, the Government engaged in misconduct, or any deterrent value would result from a dismissal with prejudice. [Doc. 351 at 16]. The Court notes that cases in this Circuit have considered whether a defendant suffered prejudice from a delay as a relevant factor. *Carruthers*, 458 Fed. Appx. at 817 (stating that it was not clear error for a district court to consider that a defendant offered no evidence of prejudice due to a delayed trial date). The Court finds that, other than the delay at issue, Gonzalez has not identified any specific prejudice he has experienced. [*See* Doc. 351]. Other courts have also considered factors such as whether the Government acted with ulterior

16

motives. *See, e.g.*, *United States v. Blevins*, 142 F.3d 223, 226 (5th Cir. 1998). The Court notes that no such motives have been identified or asserted in this matter.

Weighing the arguments on each side, and particularly the additional relevant considerations identified by the Government, *Godoy*, 821 F.2d at 1506, the Court finds that the third factor favors dismissal without prejudice. On balance, therefore, an analysis of the three factors identified in 18 U.S.C. § 3162 favor a dismissal without prejudice.

### V. CONCLUSION

For all of the above and foregoing reasons, the Court **RECOMMENDS** that Gonzalez's Motion to Dismiss for Violation of Defendant's Statutory Right to Speedy Trial, [Doc. 343], be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED** this 31st day of March, 2022.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE